449 A.2d 1379

**James CRUMLISH, Jr., Petitioner,**

v.

**William R. DAVIS, Secretary of the Commonwealth.**

Supreme Court of Pennsylvania.

Filed Sept. 10, 1982.

Reargument Denied Oct. 6, 1982.

Robert E. J. Curran, Media, John C. Snyder, Paoli, for petitioner.

William R. Davis, Secretary of Com., Leroy S. Zimmerman, Atty. Gen., Harrisburg, for respondent.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Petitioner James Crumlish, Jr., President Judge of the Commonwealth Court, has filed this petition for extraordinary relief. He seeks a declaration and direction in mandamus to respondent Secretary of the Commonwealth that three seats on the Commonwealth Court, two of which are presently vacant and one of which will become vacant in June, 1983, are to be filled at the upcoming general election to be held on November 2, 1982. The petition was filed in the Commonwealth Court on July 12, 1982. Upon applica-

tion of petitioner and agreement of respondent, this Court assumed plenary jurisdiction on August 16, 1982. See 42 Pa. C.S. § 726.[1]

The two seats on the Commonwealth Court which are presently vacant are those previously held by Judge Roy Wilkinson, Jr., who resigned from office on March 18, 1981, to accept an appointment to the Supreme Court of Pennsylvania, and by Judge Glenn E. Mencer, who resigned from office on April 15, 1982, to accept an appointment to the federal district court. The seat due to become vacant in June of 1983 is presently held by Judge Genevieve Blatt, who will reach the mandatory retirement age on June 13, 1983. See Pa. Const. art. V, § 16(b). Although nominations for appointment to the Commonwealth Court to fill the seats previously held by Judge Wilkinson and Judge Mencer have been submitted by the Governor to the Senate, confirmation has not yet occurred, and the seats remain unfilled.

In his capacity as President Judge of the Commonwealth Court, petitioner has the responsibility to "supervise the judicial business of the court, ... [and] make all judicial assignments ...." 42 Pa. C.S. § 325(e)(1). Petitioner asserts that he thus has an interest in seeing that the seats on the Commonwealth Court which are vacant or due to become vacant in 1983 be filled at the upcoming November general election "so that the Commonwealth Court may promptly and properly dispose of matters before it." [2]

In support of his position that an election should be held this year, petitioner relies upon *Cavanaugh v. Davis,* 497 Pa. 351, 440 A.2d 1380 (1982), in which this Court sustained a

1. The Court ordered expedited briefing, to be completed by September 3, 1982. Respondent's petition for enlargement of time until September 14, 1982, was denied.

2. In petitioner's view, "[t]hese unacceptably long vacancies, when combined with the prospect that a gubernatorial appointee might not garner the necessary approval of the Pennsylvania Senate, would result in an unacceptable period of time when the Commonwealth Court is reduced to a number which will increase the workload of the remaining judges, delay the Court's disposition of matters before it and produce the risk of decisions by an evenly divided Court." Brief of petitioner at 11.

prospective candidate's claim that the successor to the seat on the Supreme Court presently held by Chief Justice O'Brien should be chosen at the 1982 general election to be held this November. The result in *Cavanaugh* was based on Pa. Const. art. VII, § 3, which provides: "All judges elected by the electors of the State at large may be elected at either a general or municipal election, as circumstances may require. * * * " See also *Barbieri v. Shapp,* 476 Pa. 513, 383 A.2d 218 (1978); *Leedom v. Thomas,* 473 Pa. 193, 373 A.2d 1329 (1977); *Berardocco v. Colden,* 469 Pa. 452, 366 A.2d 574 (1976).

Respondent does not challenge the constitutional premise of petitioner's argument. Rather, respondent argues that because this Court decided *Cavanaugh* before the deadline for the certification of offices for election, " 'circumstances' clearly allowed for an orderly election process [and] a normal election in every respect. Here there is no opportunity for an orderly, let alone, a normal election process." Brief of respondent at 13. In respondent's view, petitioner's failure to file the present petition until July 12, 1982, after the May primary election and five months after the February 16, 1982, certification deadline, constitutes laches, which should bar consideration of petitioner's claim for relief.

We need not address respondent's defense of laches, for we conclude that petitioner has not established his entitlement to extraordinary relief. Pursuant to our constitutional authority to order the temporary assignment of judges,[3] this Court has adopted Pennsylvania Rule of Judicial Administration 701, which provides in pertinent part:

"(d) Request for the assignment of additional judges. Whenever the president judge of a court is of the opinion that the assignment of one or more judges to his court on

---

**3.** Pa. Const. art. V, § 10(a) provides:
"§ 10.  Judicial administration
    (a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts and justices of the peace, including authority to temporarily assign judges and justices of the peace from one court or district to another as it deems appropriate."
See also 42 Pa. C.S. §§ 4121(a), 4123.

temporary judicial service is necessary and proper for the prompt and proper disposition of the business of the court, he shall transmit a written request for judicial assistance to the Administrative Office.

(e) Recommendation by Administrative Office and Action by Chief Justice. The Court Administrator shall recommend to the Chief Justice, and the Chief Justice, when he deems it appropriate to do so may, by order, effectuate the assignment of any retired or former judge consenting thereto or any active judge to temporary judicial service on any court to fulfill a request made by the president judge thereof or when, by reason of case inventories or in the interest of justice, additional judicial assistance is required by any court."

As the language of Pa. R.J.A. 701 makes clear, the procedure for the temporary assignment of additional judges to any court when required "by reason of case inventories or in the interest of justice," is designed to effectuate the very relief petitioner seeks—"the prompt and proper disposition of the business of the court"—without consuming the time necessarily involved in the appointment and election processes. Indeed, it is a matter of routine for this Court to assign additional judges to courts throughout the Commonwealth when it has been demonstrated that additional judicial assistance is needed.

Notwithstanding his claim of the need for additional judges, petitioner has not pursued the remedy expressly available to him as President Judge of the Commonwealth Court. In the circumstances, petitioner's request for extraordinary relief must be denied.

Petition for extraordinary relief denied.

NIX, J., filed a concurring statement.

McDERMOTT, J., concurs in the result.

NIX, Justice, concurring.

Since I would reach the same result following the views expressed in Cavanaugh v. Davis, 497 Pa. 350, 440 A.2d 1380,

1384 (1982) (Nix, J. dissenting), I concur in the judgment denying extraordinary relief.